**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD F. CRUZ, | CASE NO. 1:08-cv-00352-OWW-SMS PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| SCHWARZENEGGER, et al., | (Doc. 1) |
| Defendants. | |

**Screening Order**

**I.    Screening Requirement**

Plaintiff Richard F. Cruz ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 12, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claim

Plaintiff is currently housed at Pleasant Valley State Prison in Coalinga, California, and his Eighth Amendment claim arises from his exposure to Valley Fever, which he contracted in or around August 2005.[1] Plaintiff is seeking to impose liability for money damages on Defendants Governor Arnold Schwarzenegger, CDCR Secretary James Tilton, CDCR Director Scott Kernan, Warden James Yates, Chief Medical Officer Felix Igbinosa, former CDCR Secretary Roderick Hickman, former CDCR Director Jeanne Woodford, and former Governor Gray Davis. Plaintiff alleges that Defendants had a duty to ensure his health and safety, and failed their duties in housing him at a prison where Valley Fever was infecting staff and inmates.

Because this is a suit for money damages, it is presumed to be one against Defendants in their individual capacities.[2] Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007). Under section 1983,

---

[1] Plaintiff also alleges an equal protection violation, but his complaint is devoid of any facts supporting such a claim. The protections of the Equal Protection Clause are triggered by intentional discrimination against similarly situated persons, not by the failure to protect Plaintiff from harm. E.g., Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005). To the extent that Plaintiff is attempting to base his claim on a compensation fund set up for state employees who contract Valley Fever, inmates and state employees are not similarly situated groups.

[2] The Eleventh Amendment bars suits against state officials in their official capacities. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). While there is an exception to Eleventh Amendment immunity, it applies only to suits for prospective relief against current state officials. Official capacity suits for prospective relief may not be brought against former state officials. Rounds v. Oregon State Bd. of Higher Educ., 166 F.3d 1032, 1036 n.2 (9th Cir. 1999).

Plaintiff is required to show that Defendants (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick, 500 F.3d at 987. "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff is seeking relief for violation of the Eighth Amendment, which protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Mere negligence on the part of the official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

The facts that there is a risk of developing Valley Fever if confined at Pleasant Valley State Prison and that Plaintiff contracted Valley Fever are insufficient to support a claim for violation of the Eighth Amendment. The risk of serious harm to Plaintiff's health or safety had to have been *substantial*, and Defendants had to have *knowingly disregarded* that substantial risk. Farmer, 511 U.S. at 847. The allegations set forth in Plaintiff's complaint do not support a viable section 1983

3

claim against Defendants for violating Plaintiff's Eighth Amendment rights. The Court will provide Plaintiff with the opportunity to file an amended complaint.

### III.     Conclusion and Recommendation

Plaintiff's complaint is dismissed, with leave to amend to cure the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint is dismissed, with leave to file an amended complaint within **thirty (30) days** from the date of service of this order; and

///
///
///
///
///

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **September 18, 2008**                    **/s/ Sandra M. Snyder**
                                              UNITED STATES MAGISTRATE JUDGE