1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

| | |
|---|---|
| RICHARD F. CRUZ, | CASE NO. 1:08-cv-00352-OWW-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| SCHWARZENEGGER, et al., | (Doc. 9) |
| Defendants. | |
| _____/ | OBJECTIONS DUE WITHIN THIRTY DAYS |

9
10
11
12
13
14
15
16

### Findings and Recommendations Following Screening of Amended Complaint

**I.    Procedural History**

Plaintiff Richard F. Cruz ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation, and is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on March 12, 2008.  On September 19, 2008, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim.  Pending before the Court is Plaintiff's amended complaint, filed October 17, 2008.

17
18
19
20
21
22

**II.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

23
24
25
26
27
28

1

1  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

2  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

3  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

4       "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

5  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

6  506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and

7  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

8  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

9  grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading

10  standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330

11  n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements

12  of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257

13  (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

14  **III.    Summary of Amended Complaint**

15       **A.    Allegations**

16       Plaintiff is currently housed at Pleasant Valley State Prison ("PVSP") in Coalinga, California,

17  and this action arises from his exposure to Valley Fever. Plaintiff is seeking to impose liability for

18  money damages on former California Department of Corrections and Rehabilitation ("CDCR")

19  Secretary James Tilton, CDCR Director Scott Kernan, Warden James Yates, Chief Medical Officer

20  Felix Igbinosa, Inmate Appeals Branch Chief N. Grannis, G. Cassesi, Associate Warden John Ahlin,

21  and Doctor K. Vilaysane ("Defendants") for violation of his rights under the United States

22  Constitution.

23       Plaintiff was transferred to PVSP on March 10, 2005, and was seen by medical staff for

24  headaches, weakness, nausea, and vomiting on September 15, 2005. Plaintiff was incorrectly

25  diagnosed with hyponatremia on September 18, 2005, and then diagnosed with Valley Fever on

26  September 24, 2005.

27       Plaintiff alleges that he filed an inmate appeal on September 8, 2005, notifying staff that

28  arriving inmates were unaware that PVSP is an endemic area for Valley Fever and that he is not a

2

native to the area.  Plaintiff never received a response back, and alleges that Defendants Grannis, Cassesi, Ahlin, and Yates are responsible for ensuring the appeals process works properly.  Plaintiff alleges that the policies and guidelines used to screen out appeals originated with Defendants Tilton and Kernan.  Plaintiff alleges that Defendants had a duty to review his complaint about not wanting to be exposed to Valley Fever, but failed to do so.

### B.   Plaintiff's Claims

Under section 1983, Plaintiff is required to show that Defendants (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right.  Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  E.g., Farmer v. Brennan, 511 U.S. 825,847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The facts that there is a risk of developing Valley Fever if confined at Pleasant Valley State Prison and that Plaintiff contracted Valley Fever are insufficient to support a claim for violation of the Eighth Amendment.  The risk of serious harm to Plaintiff's health or safety had to have been

1   *substantial*, and Defendants had to have *knowingly disregarded* that substantial risk.  <u>Farmer</u>, 511

2   U.S. at 847.  The allegations set forth in Plaintiff's amended complaint do not support a viable

3   section 1983 claim against Defendants for violating Plaintiff's Eighth Amendment rights.

4        Plaintiff was previously notified of that deficiency and, most likely for that reason, now

5   attempts in his amended complaint to impose liability on Defendants for failing to respond to his

6   inmate appeal challenging his placement at PVSP on ground that he did not want to be exposed to

7   Valley Fever.  Plaintiff alleges that Defendants were charged with providing a working appeals

8   system.  However, the existence of an administrative remedy process does not create any substantive

9   rights and cannot support a claim for relief for violation of a constitutional right.  <u>Ramirez v. Galaza</u>,

10  334 F.3d 850, 860 (9th Cir. 2003); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988); <u>Massey v.</u>

11  <u>Helman</u>, 259 F.3d 641, 647 (7th Cir. 2001).  The fact that Plaintiff filed an appeal but received no

12  response provides no basis upon which to impose liability under section 1983.

13  **IV.   Conclusion and Recommendation**

14       Plaintiff's amended complaint fails to state any claim upon which relief may be granted under

15  section 1983.  Plaintiff was previously given leave to amend but was unable to cure the deficiencies.

16  Accordingly, further leave to amend is not warranted, <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th

17  Cir. 1987), and the Court HEREBY RECOMMENDS dismissal of this action, with prejudice, for

18  failure to state any claims under section 1983.

19       These Findings and Recommendations will be submitted to the United States District Judge

20  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

21  **days** after being served with these Findings and Recommendations, Plaintiff may file written

22  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

23  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

24  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

25  1153 (9th Cir. 1991).

26  IT IS SO ORDERED.

27  **Dated:   February 3, 2009**              _____/s/ Sandra M. Snyder_____
                                            UNITED STATES MAGISTRATE JUDGE
28